IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

     Plaintiff,

                                      Case No. 19-40068-04-HLT

v.

JAMES TOLIVER,

     Defendant.

<u>MOTION FOR REVIEW OF DETENTION ORDER</u>

Comes now defendant James Toliver, by and through undersigned counsel, and pursuant to 18 U.S.C. § 3145(b), requests district court review and revocation of the magistrate's Detention Order filed August 30, 2019 (Doc. 41). In support of this motion, defendant states the following:

1. A detention hearing was held in this case on August 30, 2019 before the Hon. James P. O'Hara, U.S. Magistrate Judge. After considering the pretrial services report, the government's written motion for pretrial detention (Doc. 32), and arguments and proffers of counsel, Judge O'Hara entered a Detention Order, finding "[1] by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of defendant as required ...; [and 2] by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person or the community; [including because] ... defendant poses a serious risk of drug trafficking." (Doc. 41 at 1).

1

2. The standard for the district court's review of a magistrate judge's detention order under 18 U.S.C. § 3145(b) is de novo. *United States v. Cisneros,* 328 F.3d 610, 616 n. 1 (10th Cir. 2003).

3. Mr. Toliver respectfully suggests that de novo review of the record adduced at the detention hearing supports revocation of the magistrate's order and granting of pretrial release. First, Mr. Toliver is not a flight risk. Indeed, the magistrate expressly disclaimed reliance on any likelihood that Mr. Toliver might flee the jurisdiction, finding instead that he is not "reasonably amenable to supervision." (*Id.*) While this concern might arguably go more to danger than to flight risk, in either event the record does not support the magistrate's finding. Mr. Toliver's criminal history includes only one probation revocation, in 1999 (multiple cases but one incident), and zero bench warrants. Conversely, he has served at least two terms of state post-release supervision without incident (e.g., 2002 case, 2008 case) and one with (possibly) a minor incident towards the end of supervision (2015 case). Additionally, it is undisputed that Mr. Toliver surrendered himself on the current charges (as well as on the earlier, related state charge). In sum, Mr. Toliver's history, contrary to the magistrate's finding, suggests both lack of flight risk *and* amenability to supervision.

4. Similarly, the record does not support a finding by clear and convincing evidence that Mr. Toliver would pose a danger to the community, either generally or with respect to drug trafficking, if released. The Pretrial Services Office is well-equipped to

address drug-related concerns, and routinely addresses them very effectively, through conditions of release such as house arrest, GPS monitoring, drug screens, home visits, drug-related counseling, and in-patient or out-patient treatment. While the magistrate's concerns in this respect are legitimate, they are not exceptional: many drug defendants who pose similar concerns are granted pretrial release and perform well. Mr. Toliver is actually a better candidate for release than most drug defendants, in that he has both stable housing and stable employment (working 40 hours a week in his main job and 10 hours a week in a second job, both with reputable companies). He also spends much of his free time caring for his disabled mother. In short, while Mr. Toliver's history does present reason for concern with respect to drugs, the concern can be addressed through a combination of release conditions that will reasonably ensure the safety of others and of the community. Mr. Toliver respectfully suggests that the magistrate's finding to the contrary is erroneous.

5. For the foregoing reasons, Mr. Toliver asks this Court to undertake a de novo review of the record, revoke the magistrate's Detention Order (Doc. 41), and grant pretrial release in this case pursuant to 18 U.S.C. § 3142(c). Mr. Toliver is prepared to accept, and will comply with, any and all conditions of release that this Court deems appropriate.

<div style="margin-left:40%">

Respectfully submitted,

s/John Jenab
John Jenab, KS #18069
JENAB LAW FIRM, P.A.
7431 Broadway St., #9
Kansas City, MO 64114
(816) 759-8686
(816) 759-8685 Fax
john.jenab@gmail.com
Attorney for Defendant

</div>

Certificate of Service

I certify that I filed the foregoing on September 3, 2019, using the Court's CM/ECF filing system, which provides electronic notice to all counsel of record.

<div style="margin-left:40%">

s/John Jenab
John Jenab

</div>